UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America *ex rel.* David
Ketroser, Gary Latz, Robert Smith, and
William Kennedy,

       Plaintiffs,

v.                                                                                                  Civil No. 07-4676 (JNE/AJB)
                                                                                                    ORDER
Mayo Foundation,

       Defendant.

---

Donald Warren, Esq., and Phillip Benson, Esq., Warren – Benson Law Group, and Annie Mathisen, Esq., appeared for David Ketroser, Gary Latz, Robert Smith, and William Kennedy.

Ann Bildtsen, Esq., and Chad Blumenfield, Esq., Office of the United States Attorney for the District of Minnesota, appeared for the United States of America.

John Lundquist, Esq., and Dulce Foster, Esq., Fredrikson & Byron, P.A., and Sherry Hubert, Esq., Mayo Clinic, appeared for Mayo Foundation.

---

David Ketroser, Gary Latz, Robert Smith, and William Kennedy (collectively, Relators) brought this action on behalf of the United States against Mayo Foundation (Mayo) under the False Claims Act (FCA).[1]  In their Second Amended Complaint, Relators asserted two claims. First, Mayo allegedly violated the FCA by submitting "false claims for payment to Medicare and Medicaid for histopathology services wherein the water based blue stained frozen slide had been destroyed after three days." According to Relators, Mayo implicitly misrepresented that it had performed a histopathology procedure approved by the Clinical Laboratory Improvement

---

[1]  The FCA has been amended since this action's commencement.  The Court cites the FCA as it appeared when Relators brought this action.  *See Schindler Elevator Corp. v. United States ex rel. Kirk*, 131 S. Ct. 1885, 1889 n.1 (2011) (amendments in the Patient Protection and Affordable Care Act do not apply to pending cases); *United States ex rel. Vigil v. Nelnet, Inc.*, 639 F.3d 791, 796 n.4 (8th Cir. 2011) (declining to resolve retroactivity of amendments in the Fraud Enforcement and Recovery Act of 2009).

1

Amendments of 1988 (CLIA), which requires retention of the examined slide for ten years, by submitting the claims for payment. Second, Mayo allegedly violated the FCA by "bill[ing] Medicare, Medicaid and other federally sponsored health care programs for surgical pathology services that have not been performed." In particular, Relators alleged:

> [W]hen Mayo has prepared and examined water based blue stained frozen slides and charged federally sponsored health care programs for these services, it has additionally charged for the preparation of unfrozen permanent section slides, gross and microscopic examination of the permanent section slides and the preparation of reports for such examinations, which Mayo represented were done on the same or approximately the same dates for the same patients even though no such slide preparations, gross and microscopic examinations or reports for such examinations were done.

The government has intervened in the part of the action that alleges Mayo submitted claims for payment for permanent slides it never made and examinations it never did. The case is before the Court on Mayo's Motion to Dismiss Relators' Second Amended Complaint.[2] For the reasons set forth below, the Court dismisses Relators' first claim for lack of subject matter jurisdiction. The Court dismisses the part of Relators' second claim as to which the government did not intervene for failure to state a claim.

Relators' first and second claims are based on 31 U.S.C. § 3729(a)(1), (2) (2006). Section 3729(a)(1) imposes liability on any person who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." Section 3729(a)(2) imposes liability on any person who "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." "A person may bring a civil action

---

[2] The government moved for leave to file a statement of interest. The Court grants the motion. Mayo may file a response to the government's statement.

for a violation of section 3729 for the person and for the United States Government." *Id.*
§ 3730(b)(1).

I.  **Relators' first claim**

Mayo contends that Relators' first claim should be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). The Court considers Mayo's contention under Rule 12(b)(1) as a factual challenge to jurisdiction. *See Osborn v. United States*, 918 F.2d 724, 729-30 & n.6 (8th Cir. 1990). Mayo relies on the FCA's public disclosure bar, which states:

> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A). It is undisputed that Relators' first claim is based on allegations that were publicly disclosed before Relators brought this action. *See United States ex rel. Kinney v. Stoltz*, 327 F.3d 671, 674 (8th Cir. 2003); *Hays v. Hoffman*, 325 F.3d 982, 987 (8th Cir. 2003); *Minn. Ass'n of Nurse Anesthetists v. Allina Health Sys. Corp.*, 276 F.3d 1032, 1042 (8th Cir. 2002). The Court turns to the parties' dispute regarding whether Relators are original sources of the information.

An original source is "an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information." 31 U.S.C. § 3730(e)(4)(B). "A relator has direct knowledge when he sees it with his own eyes." *Kinney*, 327 F.3d at 674; *see United States ex rel. Barth v. Ridgedale Elec., Inc.*, 44 F.3d 699, 703 (8th Cir. 1995). "The False Claims Act is intended to encourage individuals who are either close observers or involved in the fraudulent activity to come forward, and is not intended to

3

create windfalls for people with secondhand knowledge of the wrongdoing." *Kinney*, 327 F.3d at 674. Independent knowledge means "knowledge not derived from the public disclosure." *Minn. Ass'n of Nurse Anesthetists*, 276 F.3d at 1048; *see Barth*, 44 F.3d at 703.

Here, Relators argue that they have direct and independent knowledge of the information on which the first claim is based "because they saw with their own eyes patient files and Medicare [Explanation of Benefit] forms that showed that Mayo had billed the federal programs for frozen section consultations even though it was violating CLIA regulations by failing to retain the frozen slides." The Court rejects this argument. The record is replete with public disclosures of the information on which Relators base their first claim. For instance, a declaration filed in separate litigation that concluded before this action was brought disclosed that the College of American Pathologists (CAP) had repeatedly noted Mayo's failure to permanently retain frozen slides in bi-annual inspections that started in the mid-1990s. A letter written by Ketroser and filed in that same litigation raised the possibility that Mayo's practice may subject Mayo to "enormous False Claims Act damages." In an affidavit filed in that same litigation, Ketroser stated that he had not had "any access to the in-depth information necessary to uncover [Mayo's] practice of discarding slides after three days" before a Mayo doctor's deposition. Ketroser's construction of a theory of liability and his discussions with his fellow Relators[3] do not transform Relators into original sources. *See Hays*, 325 F.3d at 990-91 (rejecting "catalyst" theory; stating that one "who obtains secondhand information from an individual who has direct knowledge of the alleged fraud does not himself possess direct

---

[3] Ketroser represented co-relator William Kennedy in a medical malpractice suit against Mayo. Ketroser represented the trustee for the heirs of Dolores Mae Smith in the separate litigation noted above. Co-relator Robert Smith is the surviving spouse of Dolores Mae Smith. Ketroser and his cousin, co-relator Gary Latz, reviewed the medical records of Ketroser's uncle, Leon Latz.

knowledge"); *A-1 Ambulance Serv., Inc. v. California*, 202 F.3d 1238, 1245 (9th Cir. 2000) ("'A relator's ability to recognize the legal consequences of a publicly disclosed fraudulent transaction does not alter the fact that the material elements of the violation already have been publicly disclosed.'" (quoting *United States ex rel. Findley v. FPC-Boron Emps.' Club*, 105 F.3d 675, 688 (D.C. Cir. 1997))); *United States ex rel. Kreindler & Kreindler*, 985 F.2d 1148, 1159 (2d Cir. 1993) ("Although Kreindler conducted, as counsel, the litigation that resulted in public disclosure of information concerning Black Hawk helicopters upon which Kreindler relies to bring the *qui tam* action, UTC and its employees were the original sources of the information disclosed in that litigation."); *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins. Co.*, 944 F.2d 1149, 1160 (3d Cir. 1991) ("[T]he relator must possess substantive information about the particular fraud, rather than merely background information which enables a putative relator to understand the significance of a publicly disclosed transaction or allegation."). Accordingly, the Court dismisses Relators' first claim for lack of subject matter jurisdiction. In light of this conclusion, the Court need not consider the parties' remaining arguments about the first claim.

## II.     Relators' second claim

Mayo contends that Relators' reports claim—the part of the second claim as to which the government did not intervene—should be dismissed for lack of subject matter jurisdiction pursuant to the public disclosure bar.[4] The Court does not discern a public disclosure of the allegations regarding Mayo's alleged failure to prepare reports in the materials cited. The Court denies Mayo's motion to dismiss Relators' reports claim for lack of subject matter jurisdiction.

---

[4]     In their memorandum, Relators characterize the part of the claim at issue as "instances where Mayo has accessed and examined a surgical pathology slide without producing the required report."

Mayo also asserts that the reports claim should be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).  When ruling on a Rule 12(b)(6) motion, a court must accept the facts alleged in the complaint as true and grant all reasonable inferences in favor of the plaintiff. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009).

Relators' second claim relates to surgical pathology services that include accession, examination, and reporting.  Mayo contends that the report need not be written; Relators assert that it does.  The billing codes applicable to the claims submitted by Mayo do not explicitly require written reports.  In addition, the regulation that sets forth the Medicare conditions of payment for physician pathology services requires a written report for clinical pathology services, *see* 42 C.F.R. § 415.130(c)(3), but there is no requirement of a written report for surgical pathology services, *see id.* §§ 415.102(a), .130(b).  The Court dismisses Relators' reports claim.

The Court is not persuaded by Relators' assertion that 42 C.F.R. § 410.32(d)(1)(v) requires a different conclusion.  It states: "Medicare Part B pays for covered diagnostic laboratory tests that are furnished by . . . [a] laboratory, if it meets the applicable requirements for laboratories of part 493 of this chapter . . . ."  Part 493 "sets forth the conditions that all laboratories must meet to be certified to perform testing on human specimens under the [CLIA]." 42 C.F.R. § 493.1.  It also "applies to laboratories seeking payment under the Medicare and Medicaid programs.  The requirements are the same for Medicare approval as for CLIA certification."  *Id.*  Relators acknowledged that "Mayo has been evaluated and accredited by CAP every two years since the mid-1990's and has been CLIA certified by [the Department of Health and Human Services] for histopathology, based on CAP's accreditation process, since October 13, 1995."

Mayo asserts that the remainder of Relators' second claim should be dismissed because it essentially repeats the allegations of the government's complaint in partial intervention. Relators concede that the government's pleading "is the operative complaint" with respect to the claims in which it has intervened. Accordingly, the Court denies as moot Mayo's motion to dismiss the remainder of Relators' second claim.

## III. Conclusion

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Mayo's Motion to Dismiss Relators' Second Amended Complaint [Docket No. 49] is GRANTED IN PART and DENIED IN PART.

2. The first claim of Relators' Second Amended Complaint is DISMISSED for lack of subject matter jurisdiction.

3. To the extent Mayo moves to dismiss the part of Relators' second claim of the Second Amended Complaint as to which the government has intervened, the motion is DENIED as moot. The second claim is otherwise DISMISSED for failure to state a claim.

4. The government's motion to file a statement of interest [Docket No. 58] is GRANTED. Mayo may file a response.

Dated: July 22, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge